UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| HARD DRIVE PRODUCTIONS, INC. ) <br>            ) <br>   Plaintiff,    ) <br>   v.          ) <br>            ) <br> DOES 1-80,        ) <br>            ) <br>   Defendants.   ) <br>            ) | Case No.: C 11-02535 PSG <br><br> **ORDER GRANTING-IN-PART AND DENYING-IN-PART APPLICATION FOR LEAVE TO TAKE DISCOVERY PRIOR TO RULE 26(f) CONFERENCE AND SEVERING AND DISMISSING DEFENDANT DOES 2-80** <br><br> **(Re: Docket No. 12)** |

On May 25, 2011, Plaintiff Hard Drive Productions, Inc. ("Hard Drive") filed this lawsuit for copyright infringement against 80 separate "Doe" Defendants. Ordinarily, Fed. R. Civ. P. 26(d)(1) precludes discovery before the conference required under the Fed. R. Civ. P. 26(f). Pursuant to the court's scheduling order, the parties were to meet as required by Fed. R. Civ. P. 26(f) no later than July 26, 2011. That meeting, however, did not take place.  Hard Drive now moves for leave to take discovery in advance of any Rule 26(f) conference. Hard Drive specifically seeks leave to serve subpoenas on several enumerated ISPs to obtain the true identities of Doe Defendants for purpose of service in accordance with Fed. R. Civ. P. 4.

Hard Drive's motion raises the same issues as those recently addressed by the court in

response to a near identical motion for leave to take expedited discovery in *Boy Racer v. John Does 2-52*.[1] There, the court granted leave to take expedited discovery, but only as to Doe 2. As to Does 3 through 52, the court recommended severance of Does 3 through 52 and further recommended that the claims against Does 3 through 52 be dismissed without prejudice and, if refiled within 20 days, deemed a continuation of the original action for purposes of the statute of limitations.

The court sees no reason to treat Hard Drive's motion in this case any differently, with one exception. Whereby the court previously recommended the severance of claims and dismissal, in light of Hard Drive's consent to the undersigned jurisdiction, in this case the undersigned has the authority simply to sever and order the dismissal.[2] Accordingly, Hard Drive's motion therefore is GRANTED, but only as to Doe 1 and as follows.

IT IS HEREBY ORDERED that Hard Drive is allowed to serve immediate discovery on Doe 1's ISP listed in Exhibit A to the Complaint by serving a Rule 45 subpoena that seeks information sufficient to identify Doe 1, including the name, addresses, telephone numbers, and email addresses of Doe 1. Hard Drive's counsel shall issue its subpoena and shall include a copy of this order.

IT IS FURTHER ORDERED that the ISP will have 30 days from the date of service upon it to serve Doe 1 with a copy of the subpoena and a copy of this order. The ISP may serve Doe 1 using any reasonable means, including written notice sent to Doe 1's last known address, transmitted either by first-class mail or via overnight service. The ISP and Doe 1 each shall have 30 days from the date of service to file any motions in this court contesting the subpoena (including a

---

[1] *See Boy Racer v. Does 2-52*, No. 5:11-cv-02834-PSG, Order Granting-in-Part Plaintiff Boy Racer's *Ex Parte* Application for Leave to Take Limited Discovery Prior to Rule 26(F) Conference (Docket No. 3).

[2] *See Neals v. Norwood*, 59 F. 3d 530, 532 (5th Cir. 1995) (noting that only plaintiff's consent was necessary to vest jurisdiction to enter judgment in magistrate judge where defendants had not yet been served and therefore were not parties to the action at the time judgment was entered); *Ornelas v. De Frantz*, Case No. 00-1067, 2000 WL 973684, at *2 n.2 (N.D. Cal. June 29, 2000) (citing *Neals*); *cf. Williams v. Ahlin*, Case No. 1:11-cv-00049-SKO-HC, 2011 WL 1549306, at *7 (E.D. Cal. Apr. 2, 2011) (same).

motion to quash or modify the subpoena). If that 30-day period lapses without Doe 1 or the ISP contesting the subpoena, the ISP shall have 10 days to produce to Hard Drive the information responsive to the subpoena with respect to Doe 1.

IT IS FURTHER ORDERED that the ISP shall not assess any charge to Hard Drive in advance of providing the information requested in the subpoena, and that if the ISP that receives a subpoena elects to charge for the costs of production, it shall provide a billing summary and cost reports that serve as a basis for such billing summary and any costs claimed by the ISP.

IT IS FURTHER ORDERED that the ISP shall preserve all subpoenaed information pending the ISP delivering such information to Hard Drive or the final resolution of a timely filed and granted motion to quash the subpoena with respect to such information.

IT IS FURTHER ORDERED that any information disclosed to Hard Drive in response to a subpoena may be used by Hard Drive solely for the purpose of protecting its rights under the Copyright Act, 17 U.S.C. § 101 et seq.

IT IS FURTHER ORDERED that Does 2 through 80 are severed from this action. The claims against Does 2 through 80 are dismissed without prejudice and, if refiled within 20 days, deemed a continuation of the original action for purposes of the statute of limitations.

Dated: August 12, 2011

_____
PAUL S. GREWAL
United States Magistrate Judge

3

Case No.: 11-02535 PSG
ORDER